O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| HONG ANH DU, | ) | Case No. ED CV 15-0619 JCG |
| Plaintiff, | ) | **MEMORANDUM OPINION AND** |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| Defendant. | ) | |

Hong Anh Du ("Plaintiff") challenges the Social Security Commissioner ("Commissioner")'s decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly assessed Plaintiff's treating physician's opinion regarding her physical and mental limitations.  (*See* Joint Stip. at 4-12, 20-21.)  The Court addresses Plaintiff's contention below, and finds that reversal is not warranted.

As a rule, if an ALJ wishes to disregard the opinion of a treating or examining physician, "he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Murray v. Heckler*, 722

1

F.2d 499, 502 (9th Cir. 1983); *accord Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Here, the ALJ rejected the opinion of Plaintiff's treating physician, Dr. Tien T. Nguyen, that Plaintiff would likely be absent from work more than four times per month.[1]  The Court finds that the ALJ's rejection was proper for three reasons.

First, Dr. Nguyen's opinion that Plaintiff suffered from functional limitations was inconsistent with his own medical findings.  (*See* AR at 28, 473-76); *see also Zettelmier v. Astrue*, 387 F. App'x 729, 731-32 (9th Cir. 2010) (internal inconsistency within doctor's opinion provided proper basis to discredit it); *Chavez v. Astrue*, 2010 WL 5173190, at *6 (E.D. Wash. Dec. 13, 2010) (ALJ properly rejected treatment provider's opinion that was contradicted by his own assessment of only mild to moderate limitations).  In particular, as noted by the ALJ, Dr. Nguyen's opinion contradicted his own clinical findings of (1) normal gait, (2) intact sensation, (3) full motor strength across all extremities, and (4) equal reflexes throughout.  (*See* AR at 26-28, 473, 479, 481, 484, 488.)

Second, Dr. Nguyen's opinion that Plaintiff's pain would frequently interfere with her attention and concentration was inconsistent with (1) clinical test results, (2) Plaintiff's neurologist's findings, (3) and the conclusions of state medical experts that Plaintiff's attention and concentration were good, despite alleged pain.[2]  (*See id*. at 27-28, 411, 419-21, 474-75); *see also Castaneda v. Colvin*, 2014 WL 3732128, at *4 (C.D. Cal. July 28, 2014) (where state agency psychiatrist and claimant's treating

---

[1]     Dr. Nguyen's opinion was based on Plaintiff's alleged limitations of, *e.g.*, (1) sitting and standing/walking only four hours in an eight-hour day, (2) never lifting or carrying more than ten pounds, (3) walking up to four blocks, and (4) requiring unscheduled breaks throughout the day.  (*See* Administrative Record ("AR") at 28, 475-76, 478.)

[2]     Importantly, the ALJ noted that the state agency psychiatrist "conducted the most thorough mental status examination" and opined that Plaintiff had mild limitations in concentration, and no limitations in her ability to perform simple tasks, maintain regular attendance, and perform work activities on a consistent basis.  (AR at 28-29, 419-21, 475.)

physician disagreed regarding claimant's attention and concentration, ALJ properly favored psychiatrist's opinion because it was more consistent with the record as a whole); *Underhill v. Astrue*, 2011 WL 3812659, at *6 (E.D. Wash. Aug. 29, 2011) (ALJ properly rejected physician's opinion in part because it was inconsistent with clinical test results); *Nelson v. Astrue*, 2009 WL 1699660, at *3 (N.D. Cal. June 17, 2009) (ALJ properly rejected treating physician's opinion because it was contradicted by other opinions in the record, including those of state agency reviewing physicians).

Third, Plaintiff failed to comply with the treatment prescribed by Dr. Nguyen. (*See* AR at 25, 27, 484, 486); *see also Owen v. Astrue*, 551 F.3d 792, 799-800 & n.3 (8th Cir. 2008) (ALJ properly considered claimant's "noncompliance for purposes of determining the weight to give [doctor's] medical opinions"); *Bartless v. Colvin*, 2015 WL 2412457, at *7 (D. Or. May 21, 2015) (claimant's failure to follow physician's prescribed course of treatment may be a specific, legitimate reason for rejecting that physician's opinion). Notably, Plaintiff declined to take pain medication prescribed by Dr. Nguyen, instead taking her friends' medication. (*See* AR at 25, 27, 484, 486.)

Thus, the ALJ properly assessed the opinion of Plaintiff's treating physician.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered

2    **AFFIRMING** the decision of the Commissioner denying benefits.

3

4    DATED:  December 11, 2015

5    _____

6                                    Hon. Jay C. Gandhi
                                     United States Magistrate Judge

7

8                                    ***

9

10   **This Memorandum Opinion and Order is not intended for publication.  Nor is it
     intended to be included or submitted to any online service such as
     Westlaw or Lexis.**

11

12                                   ***

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                     4